IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JERRY ALLEN CLARK,                )
                                  )
          Petitioner,             )
                                  )
                                  )          CIV-09-228-M
v.                                )
                                  )
SARA M. REVEL,                    )
                                  )
          Respondent.             )


ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

 AND REPORT  AND  RECOMMENDATION

Petitioner, a litigant appearing *pro se*, has filed a motion to proceed *in forma pauperis*

and supporting affidavit in conformity with 28 U.S.C. § 1915.  Having reviewed the motion,

the Court finds Petitioner is entitled to proceed without prepayment of the filing fee in this

28 U.S.C. § 2241 habeas proceeding, and his motion is GRANTED.

Taking judicial notice of the Court's own records, Petitioner and  two co-defendants

were indicted in this Court on multiple charges in United States v. Turner, et al., CR-07-213-

HE.   An arrest warrant was issued for Petitioner's arrest on August 22, 2007.  Subsequently,

Petitioner was arrested and detained, and the Court appointed counsel to represent Petitioner.

On September 20, 2007, the Court granted Petitioner's motion (through his defense counsel)

for a psychiatric examination pursuant to 18 U.S.C. § 4241(a).  Following a competency

1

hearing conducted January 24, 2008, United States District Judge Joe Heaton entered an order of commitment on January 28, 2008, in which the Court found Petitioner was incompetent to properly assist in his defense and committed Petitioner to the custody of the Attorney General for hospitalization for treatment to determine whether a substantial probability existed that he could attain the capacity to permit the proceedings to go forward pursuant to 18 U.S.C. § 4241(d).  On February 26, 2008, Petitioner was admitted to the Mental Health Division of the Federal Medical Center in Butner, North Carolina, to undergo a mental health evaluation.  Following this evaluation, a second competency hearing was conducted on September 10, 2008, at which testimony was taken and arguments were made by counsel.  On September 12, 2008, District Judge Heaton entered an order committing Petitioner to the custody of the Attorney General for hospitalization and treatment.   Judge Heaton also found that Petitioner required an involuntary medication treatment plan for the purpose of restoring his competency to stand trial. Petitioner's commitment under this order is still in effect.  Petitioner filed a *pro se* notice of appeal of this commitment order.

Petitioner has now filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner alleges in his Petition that the indictment filed against him in Case No. CR-07-213-HE is defective, his right to a speedy trial has been denied in the pending criminal proceeding, his defense attorneys have not filed certain pretrial motions, and the competency proceedings and commitment orders entered in the pending criminal proceeding violate his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and a

2

preliminary review of the sufficiency of the Petition has been undertaken. 28 U.S.C. § 2243. For the following reasons, it is recommended that the Petition be DISMISSED without prejudice upon filing.[1]

All of Petitioner's allegations seeking § 2241 habeas relief are directed toward the federal criminal proceeding that is pending in this Court. Petitioner is not, however, in custody within the jurisdictional confines of this Court. Therefore, this Court lacks a jurisdictional basis for reviewing the Petition. See Howard v. United States Bureau of Prisons, 487 F.3d 808, 811 (10th Cir. 2007)(explaining that §2241 petition is filed in district where petitioner is confined).

Moreover, even if jurisdiction is properly exercised in this Court, Petitioner has not shown that he has exhausted available remedies. In Chandler v. Pratt, 96 Fed. Appx. 661, 2004 WL 1080214 (10th Cir. May 14, 2004)(unpublished op.), the Tenth Circuit Court of Appeals upheld the dismissal without prejudice of similar claims brought by a federal pretrial detainee in a 28 U.S.C. § 2241 habeas petition. The petitioner in that case contended that he was being denied his right to a speedy trial and that the superceding indictment filed against him in a pending federal criminal proceeding was defective. In the Chandler decision, the court stated that

> [t]o be eligible for habeas corpus relief under § 2241, a federal
> pretrial detainee usually must exhaust other available remedies
> .... Here, all the claims petitioner attempted to raise in his § 2241

---

[1]The Court need not seek a response from the Respondent in this instance where it is clear from the face of the Petition that Petitioner is not entitled to relief. 28 U.S.C. § 2243.

> petition should have been, and apparently were being, pursued in the criminal action.  To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping.  The district court properly dismissed petitioner's claims without prejudice for failure to exhaust, and there was no arguable basis in law or fact for appealing that decision.

Id. at 662 (citations omitted).  Petitioner has not shown that he has exhausted remedies available to him under federal law, see, e.g., 18 U.S.C. § 3162(a)(2)(challenge under speedy trial guarantees), with respect to each of his habeas claims.   Petitioner has court-appointed counsel in his criminal proceeding, and he has filed numerous *pro se* motions in the proceeding as well, including an appeal of District Judge Heaton's September 12, 2008 order of commitment and for involuntary medication management that has been docketed in the Tenth Circuit Court of Appeals. United States v. Clark, Tenth Circuit Court of Appeals  No. 08-6198.[2]  Petitioner's challenges to the federal criminal proceeding can and should be brought in the criminal matter, in an appeal to the Tenth Circuit Court of Appeals of pretrial decisions as allowed under federal law, or, should he be convicted, in an appeal following conviction.  Thus, Petitioner's habeas Petition should be dismissed without prejudice due to his failure to exhaust available remedies. See United States v. Addonizio, 442 U.S. 178, 184

---

[2]A review of the Pacer Service Center's U.S. Party/Case Index reveals that Petitioner has previously raised a due process challenge to the involuntary commitment orders entered by Judge Heaton in a 28 U.S.C. § 2241 petition for a writ of habeas corpus filed in the United States District Court for the Eastern District of North Carolina.  See Clark v. United States, No. 5:08-HC-2045-D (E.D.N.C.).  In that case, United States District Judge James C. Dever III entered an order on October 17, 2008, finding that the statutory requirements under 18 U.S.C. § 4241 had been satisfied, as reflected in the docket sheet in the pending federal criminal case, and that Petitioner's involuntary commitment under § 4241 does not violate due process.

n. 10 (1979)("'the writ of habeas corpus should not do service for an appeal .... This rule must be strictly observed if orderly appellate procedure is to be maintained'")(quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 274 (1942)); Jones v. Perkins, 245 U.S. 390, 391-392 (1918)("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); Horning v. Seifart, 107 F.3d 11 (table), 1997 WL 58620 (6th Cir. Feb. 11, 1997) (unpublished op.)("habeas petition was properly dismissed as that remedy cannot be invoked to raise defenses to a pending federal criminal prosecution").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice upon filing. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ____ March 24th, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

5

herein is denied.

ENTERED this ___4th___ day of ___March___, 2009.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE